UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 15-181 |
| v. | * | SECTION: "H" |
| MARINA ARNEDO ROJAS-ZAYED | * | |

\* \* \*

## FACTUAL BASIS

Should this matter have gone to trial, the government would have proved, through the introduction of competent testimony and admissible tangible exhibits, the following facts beyond a reasonable doubt to support the allegations in the Bill of Information now pending against the defendant, **MARINA ARNEDO ROJAS-ZAYED** (also referred to as "defendant" or "Rojas-Zayed"). The defendant has agreed to plead guilty to Count One of the Bill of Information, charging her with making false statements to an agency of the United States, in violation of Title 18, United States Code, Section 1001(a).

A Special Agent from Homeland Security Investigations ("HSI") would testify that on or about May 2013, an HSI agent in Gulfport, Mississippi, received a complaint that defendant **ROJAS-ZAYED** was appearing in federal immigration court in New Orleans under the auspice of being a licensed attorney. An investigation revealed that in June 2012, the Alabama Bar Association had also received a complaint that **ROJAS-ZAYED** was engaged in the unlicensed practice of law. On July 6, 2012, **ROJAS-ZAYED**, responded to the Bar complaint filed against her in a letter to the Alabama State Bar stating that "[i]t was not until recently that I was told I was not licensed" to practice law. The Assistant Attorney General for the Alabama Bar Association would testify that **ROJAS-ZAYED** had at one time sat for and passed the academic

portion of the bar exam, but had not passed the Multistate Professional Responsibility Examination ("MPRE") or ethics portion of the bar exam.[1] As a result, **ROJAS-ZAYED** was never admitted to the Alabama State Bar or issued a bar number that would identify her as a licensed practitioner of law.

On January 31, 2013, the Alabama State Bar sent **ROJAS-ZAYED**, via certified mail, a cease and desist letter requesting that she stop the unauthorized practice of law or face prosecution in the state of Alabama. The Alabama State Bar also requested that **ROJAS-ZAYED** execute a cease and desist affidavit before a Notary Public. The Assistant Attorney General for the Alabama State Bar would testify that **ROJAS-ZAYED** never returned the executed affidavit.

On or about July 30, 2012, **ROJAS-ZAYED** filed a Notice of Entry of Appearance Form in the New Orleans Immigration Court stating she represents an alien defendant, I.G-F. On the form, **ROJAS-ZAYED** failed to check the box stating she was a member in good standing of a state bar, however, she wrote "Supreme Court of Alabama" and identified her Alabama bar number as " ASB 50529 MSC." The Assistant General Counsel for the Alabama State Bar would testify that bar number "ASB 50529 MSC" listed by **ROJAS-ZAYED** is not a legitimate bar number. **ROJAS-ZAYED** also used this false bar number on or about September 28, 2012 when representing an alien defendant, E.G-A. in Immigration Court in Lumpkin, Georgia.

---

[1] An employee with the National Conference of Bar Administrators (NCBA) would testify that **ROJAS-ZAYED** sat for the MPRE exam in August 2008, November 2008 and March 2010.

On or about August 20, 2013, **ROJAS-ZAYED** appeared before the New Orleans Immigration Court representing an alien defendant, R.S-G. Before the hearing, **ROJAS-ZAYED** filed a Notice of Entry of Appearance Form EOIR-28 stating she was "an attorney eligible to practice law in, and a member in good standing of, the bar of Alabama Supreme Court" identifying her Alabama bar number as "2008075." She also indicated that she was the primary attorney representing alien R.S-G. During the hearing, Immigration Judge John A. Duck, Jr. referred to **ROJAS-ZAYED** as "attorney" for R.S-G. and defendant did not attempt to correct the record.

An HSI Special Agent would further testify that on or about August 26, 2013, **ROJAS-ZAYED** appeared before the New Orleans Immigration Court representing an alien defendant, E.Q. Prior to the hearing, **ROJAS-ZAYED** had submitted to the New Orleans Immigration Court, a Notice of Entry of Appearance Form EOIR-28, claiming that she was "a law student or law graduate of an accredited U.S. law school."[2] At the hearing, **ROJAS-ZAYED** stated to Immigration Judge John A. Duck, Jr. that she was licensed to practice law in Alabama. Judge Duck instructed defendant to amend Form EOIR-28, so she added to the form, "Alabama State Bar and the bar number 2008075." The Assistant General Counsel for the Alabama State Bar would testify that bar number 2008075 listed by **ROJAS-ZAYED** on numerous legal forms was erroneous and not a legitimate bar number.

---

[2] The defendant graduated from a law school which was accredited in Spain, not an accredited U.S. law school as required under 8 C.F.R. §1292.1(a)(2). She also obtained a Masters in Law (LLM) from Louisiana State University, however, LLM programs are not approved by the American Bar Association as a substitute for a Juris Doctorate (J.D.) degree and are not considered the equivalent of a J.D. degree.

On or about August 26, 2013, **ROJAS-ZAYED** also appeared before the New Orleans Immigration Court representing an alien defendant, E.R-G. Before the hearing, **ROJAS-ZAYED** filed a Notice of Entry of Appearance Form EOIR-28 stating she was "an attorney eligible to practice law in, and a member in good standing of, the bar of Alabama Supreme Court" identifying her Alabama bar number as "2008075." Again, **ROJAS-ZAYED** indicated on the form that she was the primary attorney representing alien E.R-G. Immigration Judge John A. Duck, Jr. referred to **ROJAS-ZAYED** as attorney and defendant did not attempt to correct the record.[3]

An attorney for the United States Department of Justice, Office of General Counsel, Executive Office for Immigration Review ("EOIR"), would testify that **ROJAS-ZAYED** has entered a Notice of Entry of Appearance Form EOIR-28 in approximately 42 immigration cases before at least five different Immigration Courts. **ROJAS-ZAYED** has submitted numerous documents to the EOIR that indicate **ROJAS-ZAYED** is a licensed attorney, although she is not. Additionally, EOIR audited the digital recordings of some of the hearings at which **ROJAS-ZAYED** appeared and found that defendant repeatedly appeared in Immigrations Courts on behalf of aliens, entered pleadings on behalf of aliens, and for all intents and purposes assumed the role of attorney for the aliens, albeit fraudulently. Additionally, Immigration Judges repeatedly referred to **ROJAS-ZAYED** as "counsel," and defendant did not dispel the judges of this notion.

---

[3] In some of these appearances, defendant only checked a box stating "I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. §1292.1(a)(2)."

Both the government and defendant, **MARINA ARNEDO ROJAS-ZAYED**, do hereby stipulate and agree that the above facts set forth a sufficient factual basis for the crime to which the defendant is pleading guilty and that the government would have proved these facts beyond a reasonable doubt at trial.

READ AND APPROVED:

_____  9-24-15
ROBERT GLASS            (Date)
Counsel for defendant

_____  9-24-15
JULIA K. EVANS          (Date)
Assistant United States Attorney

_____  09/24/2015
MARINA ARNEDO ROJAS-ZAYED (Date)
Defendant